UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
NICHOLAS ROBLES,                              :
                    Petitioner,               :      02 Civ. 6102 (PAC) (DCF)
                                              :      OPINION & ORDER
          - against -                         :
                                              :
MELVIN L. WILLIAMS,                           :
                    Respondent.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

          HONORABLE PAUL A. CROTTY, United States District Judge:

          Pro se Petitioner Nicholas Robles ("Robles") seeks a writ of habeas

corpus, pursuant to 28 U.S.C. § 2254, based on the alleged failure of the New York State

Division of Parole ("Parole Division") to adhere to an August 1999 agreement to require

only one additional year of incarceration for Robles's July 1999 parole violation.  Robles

also seeks to be declassified as a sex offender for any future parole supervision.

Additionally, in subsequent submissions to the Court, Robles has challenged the

conditions of his confinement at the in-patient Willard Drug Treatment Campus

("Willard"), alleging that the Willard administration would not allow him to file a

grievance, and/or was retaliating against him for asserting his constitutional rights.

Robles also seeks leave to amend his complaint to (1) drop Willard Superintendent

Melvin L. Williams, and (2) add claims asserting retaliatory conduct by the Parole

Division and/or state corrections officers while he was incarcerated at the Orange County

Jail, in Goshen, New York, and the Clinton Correctional Facility, in Dannemora, New

York ("Clinton").

          This case was referred to United States Magistrate Judge Debra Freeman,

who issued her Report and Recommendation ("R&R") on February 28, 2007,

recommending that both Robles's petition and his request for leave to amend the petition

be denied.  On June 9, 2007, Robles filed objections to all portions of the R&R

("Objections").  Having reviewed those Objections, the Court agrees with Magistrate

Judge Freeman's conclusions as set forth in the R&R, and denies Robles's petition for a

writ of habeas corpus.

## DISCUSSION

### I.  Consideration of a Report and Recommendation

A district court may "accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

When a timely objection has been made to the magistrate judge's recommendations, the

court is required to review the contested portions de novo. Pizarro v. Bartlett, 776 F.

Supp. 815, 817 (S.D.N.Y. 1991).

### II.  Relevant Facts[1]

In 1983, Robles entered a plea of guilty to Attempted Robbery in the

Second Degree.  This plea was accepted in full satisfaction of the indictment, which had

also charged him with, inter alia, Sodomy in the First Degree.  Between 1983 and 1999,

Robles was repeatedly paroled on prior convictions but then convicted of new crimes,

ultimately leading to the final parole revocation hearing on August 16, 1999 at issue here.

During that hearing, Robles's counsel and a representative of the Parole Division jointly

recommended that Robles's parole be revoked and a one-year delinquent time assessment

be imposed before he would next be considered by the parole board for re-release.

Robles asserts that this recommendation constituted an "agreement" or "stipulation" that

---

[1] Except where specifically noted, the following facts are drawn from the R&R.

he would serve only one year of imprisonment and face no other consequences from the

Parole Division.  Robles also asserts that part of the "agreement" was that he would be

"taken off the internal classification of sexual offender, which had prejudiced [him] while

under parole supervision."  R&R at 4 (citing Petitioner's Traverse, sworn to May 28,

2004 ("Pet. Trav.") (Dkt. 35), ¶ 10).

       Robles was denied parole on July 26, 2000 but was ultimately granted

parole on July 19, 2001.  At the June 2001 parole hearing preceding his release, Robles

was allegedly asked whether he "did … or didn't … sodomize two male homosexuals in

1982," and answered that he did not. Id. at 5 (citing Pet. Trav. ¶ 14).  Robles alleges that

nevertheless he was classified as a "sexual offender" by the Parole Division after his July

19, 2001 release, though that classification was apparently removed at some point in

2002 and Robles remained under "normal" supervision until 2006.  After an April 2002

relapse into drug abuse, Robles's parole was revoked and he was placed in a drug

treatment program at Willard, from which he filed this habeas petition.  Robles has

indicated in letters to the Court that following his release from Willard he has been

incarcerated at the Orange County Jail, Clinton, and Bare Hill Correctional Facility.  On

April 5, 2007, Robles was apparently paroled again and classified as a "sexual offender,"

with three conditions of his parole being to "participate in Sex Offender

Counseling/Treatment as directed by the Parole Officer," to "have no contact with any

person under the age of eighteen" without permission, and to "comply with all Case

Specific Sex Offender Conditions to be imposed by the Parole Officer." See Objections,

attached "Special Conditions of Release to Parole Supervision" Agreement dated April 4,

2007.

**III. Habeas Corpus Standard of Review**

Pursuant to 28 U.S.C. § 2254(d), the Court may grant a writ of habeas

corpus if one of two conditions is satisfied: "the state court adjudication (1) resulted in a

decision that was contrary to clearly established federal law, as determined by the

Supreme Court of the United States, or (2) involved an unreasonable application of

clearly established federal law, as determined by the Supreme Court of the United

States." Williams v. Taylor, 529 U.S. 362, 412 (2000); see 28 U.S.C. § 2254(d)(1). The

Court will only review state court evidentiary errors for "substantial and injurious effect

or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637

(1993). In addition, the Court may not consider a writ of habeas petition unless the

petitioner has exhausted all state judicial remedies. See 28 U.S.C. § 2254(b)(1)(A). In

the interests of comity and federalism, the petitioner must "first have given the state

courts a fair opportunity to pass upon his federalism claim." Daye v. Attorney Gen of

N.Y., 696 F.2d 186, 191 (2d Cir. 1982). When reviewing a mixed habeas petition with

exhausted and unexhausted claims, the Court may deny all claims if they have no merit.

See 28 U.S.C. § 2254(b)(2).

**IV. Exhaustion of Remedies**

Robles asserts that his parole-related claims are exhausted by virtue of his

prosecution of a New York State habeas petition. There is no evidence that such a

petition was filed, but in any event, the appropriate challenge to a parole determination

under New York law is an Article 78 proceeding. See People ex rel. Justice v. Russi, 641

N.Y.S.2d 143, 144 (3d Dept. 1996); see also People ex rel. Quartararo v. Demskie, 656

N.Y.S.2d 451, 452-53 (3d Dept. 1997) ("Inasmuch as parole decisions are discretionary

and prisoners have no right to such release prior to the expiration of their sentences …, denial of parole may not be challenged by way of habeas corpus.").  Robles does not suggest that he filed an Article 78 petition, and therefore he has failed to exhaust his parole-related claims in state court.  See Desire v. N.Y. Div. of Parole, No. 00 Civ. 5514, 2001 U.S. Dist. LEXIS 13784, at *6 (S.D.N.Y. Aug. 22, 2001) (challenge to denial of parole was unexhausted where petitioner filed a state habeas petition and not an Article 78 petition).  Robles's parole-related claims are barred from review in the New York courts, however, as the statute of limitations for Article 78 challenges has run.  See N.Y. C.P.L.R. § 217 (limitations period for Article 78 challenge is four months).  Where a petitioner's unexhausted claims cannot be raised in the state courts due to a procedural default such as expiration of the statute of limitations, a federal court reviewing a habeas petition must deem the claims exhausted. Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994).

The same procedural default that exhausts Robles's claims also generally bars this Court's consideration of the merits of his claims. Id. at 829.  That bar may be overcome where the petitioner shows "cause" for his failure to file a timely Article 78 proceeding and "prejudice" resulting therefrom, Gray v. Netherland, 518 U.S. 152, 162 (1996), or demonstrates that the Court's failure to review his claims would result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991) (internal quotation marks and citations omitted).  Robles has made no such showing and his parole-related claims could therefore be dismissed for that reason.  Because all Robles's claims are meritless, however, the Court will instead dismiss them on that basis. See 28 U.S.C. § 2254(b)(2).

**V. Robles's "Contract" Claims**

At several points, Robles has described his petition as raising a claim for "breach of contract" based on the Parole Division's failure to honor the 1999 "agreement."  (See, e.g., Am. Pet. ¶ 13; Pet. Trav. ¶ 13).  If this were a contract claim, the Court would be obliged to dismiss it, as federal habeas relief is not available for errors of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see, e.g., Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998) ("A federal court conducting habeas review is limited to determining whether a petitioner's custody is in violation of federal law."). Robles is proceeding pro se, however, and the Court is obligated to read to read his pleadings and other memoranda liberally and construe them in a manner most favorable to him. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  The Court therefore interprets his claims as due process challenges[2] to his initial denial of parole in 2000 and his later classification as a "sexual offender." See, e.g., Greenholtz v. Inmates of the Neb. Penal and Correction Complex, 442 U.S. 1 (1979) (discussing an inmate's potential due process interest in denial of parole).

**A. Denial of Parole**

Robles's due process claim based on his denial of parole in 2000 must be dismissed as moot due to his release in 2001.  The jurisdiction of the federal courts is restricted to actual "cases or controversies," and will accordingly exist only where the Plaintiff has "suffered, or [is] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 474, 477 (1990)).  Where

---

[2] The Court notes that in his Objections, Robles has at least made reference to due process. Objections at 6.

a habeas petitioner challenging a denial of parole has been granted parole during the

pendency of the habeas proceeding, the petition is moot unless the petitioner is suffering

"concrete, ongoing injury-in-fact attributable to [the earlier parole denial]." Martinson v.

United States Parole Commission, No. 02 Civ. 4913, 2005 U.S. Dist. LEXIS 10648, at

*18 (S.D.N.Y. May 12, 2005) (dismissing habeas claims challenging denial of parole as

moot where petitioner had completed his prison sentence and been released on special

parole).  As Robles has not demonstrated any ongoing injury caused by his 2000 parole

denial, that claim must be dismissed as moot.

**B. "Sexual Offender" Classification**

Robles's classification as a "sexual offender" by the Parole Division does

not constitute a due process violation. [3]  Robles was not required to "register" as a sex

offender under the New York Sex Offender Registration Act, which has acknowledged

due process implications, see Doe v. Pataki, 3 F.Supp.2d 456, 467-68, 472-73 (S.D.N.Y.

1998), but rather classified as such for purposes of parole supervision.  "[T]here is no

liberty interest in parole," Boddie v. N.Y. State Div. of Parole, 285 F. Supp. 2d 421, 428

(S.D.N.Y. 2003), and, additionally, no liberty interest in being free from special

conditions for parole. See Pena v. Travis, No. 01 Civ. 8534, 2002 WL 31886175, at *13

(S.D.N.Y. Dec. 27, 2002) ("Because the imposition of special conditions is left to the

discretion of the Board of Parole and parole officers, plaintiff does not have a protected

liberty interest in being free from special conditions.").  Parole conditions are "not

subject to judicial review in the absence of a showing that the board or its agents acted in

---

[3] The Court notes that Robles's challenge to his 2001 "sexual offender" classification is likely moot due to his admitted declassification from 2002-2006, notwithstanding his claims of emotional and psychological harm. See Objections at 4.  Because Robles's claim regarding his current "sexual offender" classification is not moot, however, the Court will simply address the classification as a whole on the merits.

an arbitrary and capricious manner." Robinson v. Pagan, No. 05 Civ. 1840, 2006 WL 3626930, at *1 n.2 (S.D.N.Y. Dec. 12, 2006) (internal quotations removed).

It is "undisputed that under New York law, the Board of Parole is entitled to impose conditions on the conditional release of an inmate." Doe v. Simon, 221, F.3d 137, 139 (2d Cir. 2000). In its determinations, the Parole "Board may consider all of the circumstances surrounding the conviction – including conduct for which petitioner has not been convicted." Williams v. Travis, 783 N.Y.S.2d 413, 414 (3d Dept. 2004) (citing Matter of Walter Adelman v. N.Y. State Board of Parole, 647 N.Y.S.2d 579 (3d Dept. 1996)). Robles was charged with committing sodomy in connection with his 1983 attempted robbery conviction, and thus the "circumstances surrounding the conviction" included a sexual component. Though Robles disputes whether he in fact committed sodomy, the Parole Board's crediting of official reports of the crime rather than Robles's self-serving statements was not "arbitrary or capricious." Robles's sexual offender classification does not, therefore, violate due process.

## C. Conditions of Confinement[4]

A prisoner's conditions of confinement are not appropriately challenged through a petition for a writ of habeas corpus. Tocco v. Morton, No. 97 Civ. 7404, 1998 U.S. Dist. LEXIS 19334, at *3 (E. D.N.Y. Nov. 6, 1998) (petitioner who "challenges only the conditions under which he has…been confined…must look to legal theories other than habeas corpus to pursue this claim.") (citing Mack v. Varelas, 835 F.2d 995, 998 (2d

---

[4] Robles appeared to abandon his claims concerning the conditions of his confinement at Willard during a hearing before Magistrate Judge Freeman, but statements contained in his Objections suggest that he may not have intended to do so. Compare Transcript of January 11, 2006 Conference, 9-10, 12 (clearly stating that he no longer wished to pursue such claims) with Objections at 4 (discussing conditions of his confinement at Willard). In light of Robles pro se status, the Court will assume those claims are still being pursued.

Cir. 1987). Robles's claims relating to the conditions of his confinement at Willard must therefore be dismissed. For the same reason, Robles's request to amend his petition to include new claims regarding the conditions of his confinement at Orange County Jail and Clinton must be denied as futile. See Mulero v. United States of America, No. 2 Civ. 6777, 2005 WL 3116304, at *2 (S.D.N.Y. Nov. 21, 2005).

## CONCLUSION

For the foregoing reasons, Robles's petition for a writ of habeas corpus is DENIED. As Robles has not made a substantial showing of a denial of a federal right, appellate review is not warranted. See 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to close out this case.

Dated: New York, New York
      August 21, 2007

SO ORDERED

PAUL A. CROTTY
United States District Judge

9

Copies mailed to:
Honorable Debra C. Freeman, U.S.M.J

Nicholas Robles
88-A-4321
Bare Hill Correctional Facility
Caller Box 20
181 Brand Rd.
Malone, NY 12953

Luke Martland, Esq
Assistant Attorney General
Section Chief, Habeas Corpus Section
120 Broadway
New York, NY 10271